**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of  Delaware
                              (State)

Case number (*if known*): _____   Chapter  11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

1. **Debtor's name**  
   True Value Retail, L.L.C.

2. **All other names debtor used in the last 8 years**  
   Include any assumed names, trade names, and *doing business as* names  
   True Value Retail, Inc.

3. **Debtor's federal Employer Identification Number (EIN)**  
   2 7 - 1 3 7 7 9 4 6

4. **Debtor's address**

   | **Principal place of business** | **Mailing address, if different from principal place of business** |
   |---|---|
   | 8600 West Bryn Mawr Ave. | |
   | Number   Street | Number   Street |
   | | P.O. Box |
   | Chicago    IL    60631 | |
   | City    State    ZIP Code | City    State    ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | Cook County | 790 W. Euclid Ave |
   | County | Number   Street |
   | | Palatine    IL    60067 |
   | | City    State    ZIP Code |

5. **Debtor's website (URL)**  
   https://www.truevalue.com

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: |

| | | |
|---|---|---|
| 7. | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☒ None of the above<br><br>B. *Check all that apply:*<br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.<br><br>    <u>4</u>  <u>2</u>  <u>3</u>  <u>7</u> |

| | | |
|---|---|---|
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11. *Check **all** that apply*:<br>    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).<br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.<br>    ☐ A plan is being filed with this petition.<br>    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |

| | | |
|---|---|---|
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ☒ No<br>☐ Yes  District _____  When _____  Case number _____<br>                                    MM / DD / YYYY<br>          District _____  When _____  Case number _____<br>                                    MM / DD / YYYY |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**<br>List all cases. If more than 1, attach a separate list. | ☐ No<br>☒ Yes | Debtor<br>District<br>Case Number, if known | See Annex 1<br>Delaware | Relationship<br>When | Affiliate<br>Date hereof<br>MM / DD / YYYY |

| | | |
|---|---|---|
| 11. | **Why is the case filed in *this* district?** | *Check all that apply:*<br>☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.<br>☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| | | |
|---|---|---|
| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No<br>☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.<br>**Why does the property need immediate attention?** (*Check all that apply.*)<br>☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.<br>  What is the hazard? _____<br>☐ It needs to be physically secured or protected from the weather.<br>☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).<br>☐ Other _____<br><br>**Where is the property?**<br>_____ _____<br>Number        Street<br>_____<br>_____  _____  _____<br>City          State    Zip Code<br><br>**Is the property insured?**<br>☐ No<br>☐ Yes   Insurance agency _____<br>        Contact name _____<br>        Phone _____ |

### Statistical and administrative information

| | | |
|---|---|---|
| 13. | **Debtor's estimation of available funds** | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| | | | | |
|---|---|---|---|---|
| 14. | **Estimated number of creditors**[1] | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☒ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |

☐ $0-$50,000     ☐ $1,000,001-$10 million     ☐ $500,000,001-$1 billion

---

[1] "Estimated number of creditors" determined on a consolidated basis with affiliate debtors.

| 15. | **Estimated assets** | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
|---|---|---|---|---|
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. | **Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
|---|---|---|---|---|
| | | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
I have been authorized to file this petition on behalf of the debtor.
I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10/14/2024
             MM / DD / YYYY

X  */s/ William McGann*                         William McGann
   Signature of authorized representative of    Printed name
   debtor

   Title  Vice President

**18. Signature of attorney**

X  */s/ Joseph O. Larkin*                      Date  10/14/2024
   Signature of attorney for debtor                  MM / DD / YYYY

   Joseph O. Larkin                            Evan A. Hill
   Printed name

   Skadden, Arps, Slate, Meagher & Flom LLP    Skadden, Arps, Slate, Meagher & Flom LLP
   Firm name

   One Rodney Square, 920 N. King Street       One Manhattan West
   Number    Street

   Wilmington, Delaware 19801                  New York, New York 10001
   City/State/ZIP

   (302) 651-3000                              (212) 735-3000
   Contact phone

   Joseph.Larkin@skadden.com                   Evan.Hill@skadden.com
   Email address

   4883                                        Delaware
   Bar number                                  State

# ANNEX 1

## SCHEDULE OF DEBTORS

The following list identifies all of the affiliated entities, including the Debtor filing this petition, that have filed voluntary petitions for relief in this Court under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended, substantially contemporaneously with the filing of this petition.

|    | DEBTOR'S NAME | DEBTOR'S EIN |
|----|---------------|--------------|
| 1. | True Value Company, L.L.C. | 36-2099896 |
| 2. | TV Holdco II, L.L.C. | 82-4822272 |
| 3. | TV TSLC, L.L.C. | 82-5227025 |
| 4. | TV GPMC, L.L.C. | 82-5228136 |
| 5. | True Value Retail, L.L.C. | 27-1377946 |
| 6. | TrueValue.com Company, L.L.C. | 36-4346386 |
| 7. | True Value Virginia, L.L.C. | 88-4409197 |
| 8. | Distributors Hardware, L.L.C. | 01-0868106 |

**TRUE VALUE COMPANY, LLC**
**TV HOLDCO II, L.L.C.**
**DISTRIBUTORS HARDWARE, L.L.C.**
**TV GPMC, L.L.C.**
**TRUE VALUE RETAIL, L.L.C.**
**TRUEVALUE.COM COMPANY, L.L.C.**
**TV TSLC, L.L.C.**
**TRUE VALUE VIRGINIA, L.L.C.**
**Unanimous Written Consent in Lieu of a Meeting**

**October 13, 2024**

The undersigned, being the governing authority of the applicable entity (each a "Company," and together, the "Companies") listed above (with such governing authority of each Company constituting its "Governing Body"), do hereby consent to the adoption of, and do hereby adopt, by this written consent, the following resolutions with the same force and effect as if they had been approved and adopted at a duly convened meeting of the applicable Governing Body, and direct that this written consent be filed with the minutes of the proceedings of such Governing Body.

**Chapter 11 Filing**

**NOW THEREFORE BE IT RESOLVED**, that each Governing Body has determined, after consultation with management and the legal and financial advisors of the Companies, that it is desirable and in the best interests of the applicable Company, its creditors and other interested parties, that such Company file a voluntary petition for relief (each, a "Petition" and collectively, the "Petitions") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), for the purpose of initiating a bankruptcy case (each, a "Bankruptcy Case"); and be it further

**RESOLVED**, that the officers of each Company (collectively, the "Officers") are empowered, authorized and directed by the applicable Governing Body, on behalf of such Company, to execute and verify its Petition as well as any other documents, schedules, motions, lists, applications, pleadings, orders and other documents (the "Chapter 11 Filings"), to cause its Petitions and the Chapter 11 Filings to be filed with the Bankruptcy Court, and to take and perform any further acts and deeds that such Officers deem necessary, appropriate or desirable in connection with the applicable Company's Bankruptcy Case, including, without limitation, the payment of fees, expenses and taxes; and be it further

**RESOLVED**, that the Officers are empowered, authorized and directed by the applicable Governing Body to cause the applicable Company to continue to conduct business operations in the ordinary course during the pendency of its Bankruptcy Case, subject to the restrictions of the Bankruptcy Court; and be it further

**Asset Purchase Agreement**

**RESOLVED**, that in connection with the Bankruptcy Case, it is desirable and in the best interests of the Company, its creditors, and other parties in interest to sell certain assets of the Company pursuant to an Asset Purchase Agreement ("DIB APA") with Do It Best Corp. ("DIB"), as buyer, pursuant to which DIB has agreed to purchase, and the Companies have agreed to sell, substantially all of the assets of the Companies; and be it further

**RESOLVED**, that the Officers are empowered, authorized and directed, with full power of delegation, on behalf of and in the name of the Company, to cause the Company to negotiate, execute and deliver the DIB APA, and any related agreements, consents, certificates, amendments, assignment, instruments and other documents contemplated thereby, in such form and with such changes or amendments (substantial or otherwise) thereto as any one of more such Officers shall approve as necessary or desirable, in order to consummate the transactions contemplated by the DIB APA; and be it further

**RESOLVED**, that the Officers are empowered, authorized and directed, with full power of delegation, on behalf of and in the name of the Company, to take all such further actions which shall, in such Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIB APA, and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

**Debtor-in-Possession Financing**

**RESOLVED**, that each Governing Body has determined that, in connection with the Bankruptcy Case, it is desirable and in the best interest of the Company, its creditors, stakeholders, and other interested parties to request that one or more potential financing sources provide the Company with a secured priming superpriority debtor-in-possession term loan facility in an aggregate principal amount of $15,300,000 (as amended, restated, amended and restated, supplemented, modified, extended, renewed, refunding, replacement, exchanged, refinanced or otherwise changed (in whole or in part, and without limitation as to amount, terms, conditions, covenants and other provisions, including any alteration of the maturity thereof or increase in the amount of available borrowings thereof or adds subsidiaries as additional borrowers or guarantors thereunder and whether by the same or any other agent, trustee, lender or group of lenders, investors, holders or otherwise) the "DIP Financing") subject to exceptions and limitations to be set forth in any orders of the Bankruptcy Court concerning the DIP Financing (the "DIP Financing Orders"); and be it further

**RESOLVED**, that the Company is authorized to incur the obligations and to undertake any and all related transactions contemplated by the terms and provisions of any debtor-in-possession term sheets (the "DIP Term Sheets") and/or any definitive financing agreements related to the DIP Financing (the "DIP Financing Agreement" and, together with the DIP Term Sheets and any certificates, instruments, agreements or other documents, in each case, executed and/or delivered in connection with, related to and/or contemplated by any DIP Term Sheets or DIP Financing Agreements, collectively, the "DIP Financing Documents") with DIB, including without limitation to (a) seek approval of any of the DIP Financing Documents from the Bankruptcy Court pursuant to the DIP Financing Orders and (b) take all actions (including

2

negotiating and executing any agreements, documents, or certificates) necessary or advisable to implement the DIP Order, including (i) paying any fees and expenses related thereto, (ii) guaranteeing the obligations of the loan parties under any of the DIP Financing Documents, (iii) granting superpriority status and first priority priming liens and security interests in, and pledging, mortgaging, and granting deeds of trust with respect to, its right, title, and interest in and to its properties and assets, whether now owned or hereafter acquired, to the extent required to secure the obligations of the loan parties under the DIP Financing Documents, with such changes therein and additions thereto as any Officer executing the same may, in his or her absolute discretion, deem necessary or appropriate, the execution of any of the DIP Financing Documents and security documents to be conclusive evidence of the approval thereof, and (iv) consummating the transactions contemplated by the foregoing, including incurring the obligations stated in connection therewith; and be it further

**RESOLVED**, that the Officers are empowered, authorized and directed, with full power of delegation, on behalf of and in the name of the Company, to cause the Company to negotiate, execute and deliver the DIP Financing Documents and any amendments, modifications, renewals, replacements, consolidations, substitutions, and extensions thereof, in such form and with such changes (substantial or otherwise) thereto as any one of more such Officers shall approve as necessary or desirable, in order to consummate the transactions contemplated by any of the DIP Financing Documents; and be it further

**RESOLVED**, that the Officers are empowered, authorized and directed, with full power of delegation, on behalf of and in the name of the Company, to take all such further actions which shall, in such Officer's sole judgment, be necessary, proper or advisable to perform the Company's obligations under or in connection with any of the DIP Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions, which determination shall be conclusively evidenced by his or her execution thereof; and be it further

**Retention of Advisors**

**RESOLVED**, that the Officers are empowered, authorized and directed by the applicable Governing Body, on behalf of the applicable Company, to retain and employ (or continue to retain and employ, as applicable) professionals to render services to such Company in connection with its Petition, Chapter 11 Filings and all other matters contemplated by these resolutions, including, without limitation, Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden Arps") to act as lead legal counsel; Glenn Agre Bergman & Fuentes LLP ("Glenn Agre") to act as conflicts and efficiency counsel; Young Conaway Stargatt & Taylor, LLP ("Young Conaway") to act as local and efficiency counsel, Houlihan Lokey Capital, Inc. ("Houlihan") to act as investment banker; M3 Advisory Partners, LP ("M3") to act as financial advisor; and Omni Agent Solutions ("Omni") to act as claims and noticing agent and administrative advisor; and be it further

**RESOLVED**, that the Officers are empowered, authorized, and directed by the applicable Governing Body, on behalf of the applicable Company, to continue the employment and retention of professionals in the ordinary course as long as they deem appropriate and in its Bankruptcy Case to retain and employ other attorneys, accountants, and other professionals to assist in such Bankruptcy Case on such terms as are deemed necessary, proper, or desirable; and be it further

3

**RESOLVED**, that the Officers are authorized and directed by the applicable Governing Body, to execute any appropriate engagement letters and agreements and such other documents necessary to retain Skadden Arps, Glenn Agre, Young Conaway, Houlihan, M3, Omni, and any other or additional financial advisors, investment bankers, accountants, auditors, advisors, legal counsel, and other professionals not specifically identified herein (the "Professionals"), and to cause the applicable Company to pay appropriate retainers to such Professionals prior to the filing of its Bankruptcy Case or after to the extent appropriate and permitted in its Bankruptcy Case, and to cause to be filed appropriate applications or motions seeking authority to retain and pay for the services of such Professionals; and be it further

**General Resolutions**

**RESOLVED,** that the Officers are empowered, authorized and directed by the applicable Governing Body, on behalf of the applicable Company, to take, from time to time, any and all such actions and to execute and deliver from time to time any and all such agreements, amendments, instruments, requests, receipts, applications, reports, certificates, and other documents, and to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications, and other papers and documents necessary or desirable in connection with the foregoing resolutions, and to take any and all action deemed necessary, proper, or desirable in connection with the foregoing resolutions and to carry out and perform the purposes of the foregoing resolutions; and be it further

**RESOLVED**, that the Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies, or hereby waive any right to have received such notice; and be it further

**RESOLVED**, that the omission from the foregoing resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, documents, or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Officers to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions; and be it further

**RESOLVED**, that this consent may be executed in one or more counterparts, and delivered by electronic means, each of which, when so executed, shall be treated in all manner and respects and for all purposes as one and the same original, written consent, and shall be considered to have the same binding legal effect as if it were an original manually signed counterpart hereof delivered in person; and be it further

**RESOLVED**, that any and all actions lawfully done for and on behalf of any Company, by any Officer or Professional engaged by such Company with respect to any transactions contemplated by the foregoing resolutions, before or after their adoption, are ratified, authorized, approved, adopted in good faith, and consented to in all respects for all purposes.

4

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the board of managers of True Value Retail, L.L.C., have executed this written consent as of the date first written above.

Signed by:
*Chris Kempa*
E08777C6B67A437...
Chris Kempa

Signed by:
*William McGann*
C95E00401F9F44C...
William McGann

Signed by:
*Eric Lane*
7E3EE00515774EE...
Eric Lane

*[Signature Page to Chapter 11 Omnibus Action by Written Consent]*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re* <br><br> **TRUE VALUE RETAIL, L.L.C.,** <br><br> **Debtor.** | Chapter 11 <br><br> Case No. 24-_____ (____) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
## PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, True Value Retail, L.L.C. and certain of its affiliates, as the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), respectfully represent:

1. TV Holdco I, L.L.C. owns 100% of the equity interests in TV Holdco II, L.L.C.

2. TV Holdco II, L.L.C. owns 100% of the equity interests in True Value Company, L.L.C.

3. True Value Company, L.L.C. owns 100% of the equity interests in the following Debtors: TV TSLC, L.L.C., TV GPMC, L.L.C., True Value Retail, L.L.C., TrueValue.com Company, L.L.C., True Value Virginia, L.L.C., and Distributors Hardware, L.L.C.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re*<br><br>**TRUE VALUE RETAIL, L.L.C.,**<br><br>      **Debtor.** | **Chapter 11**<br><br>Case No. 24-_____ (___) |

**LIST OF EQUITY SECURITY HOLDERS**

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| True Value Company, L.L.C. | 8600 West Bryn Mawr Ave. Chicago, IL 60631 | 100% |



**Debtor name**  True Value Company, L.L.C., et al.

**UNITED STATES BANKRUPTCY COURT DISTRICT OF DELAWARE**

**Case No. (If known)** _____

☐ **Check if this is an amended filing**

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.*

| | Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total Claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 1 | Stihl Inc<br>536 Viking Dr<br>Virginia Beach, VA 23452 | Stihl Inc<br>Attn: Jeremy Krueger<br>Tel: 559-731-8473<br>Email: stihlcs@stihl.us;<br>Jeremy.Krueger@stihl.us | Trade Payable | | | | $10,598,031.66 |
| 2 | Hillman Group<br>1280 Kemper Meadow Dr<br>Parkdale, OH 45240 | Hillman Group<br>Attn: Eric England<br>Tel: 678-232-3590<br>Email: INFO@HILLMANGROUP.COM;<br>Eric.england@hillmangroup.com | Trade Payable | | | | $7,308,357.04 |
| 3 | Rpm International<br>2628 Pearl Rd<br>Medina, OH 44256 | Rpm International<br>Attn: Kristin Schiro<br>Tel: 224-436-5892<br>Fax: 330-225-8743<br>Email: info@rpminc.com;<br>Kschiro@rustoleum.com | Trade Payable | | | | $6,417,494.41 |
| 4 | Mckinsey & Company Inc<br>3 World Trade Center<br>175 Greenwich St<br>New York City, NY 10007 | Mckinsey & Company Inc<br>Attn: Ben Mathews, Jay Halama<br>Tel: 216-253-6037; 973-652-0489<br>Email: ben_mathews@mckinsey.com;<br>maxence_vancauwenberghe@mckinsey.com | Professional Services | | | | $5,900,000.00 |

*On a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, any debtor with respect to all or any portion of the claims listed herein. Nothing herein shall affect any debtors' right to challenge the amount or characterization of any claim.

**Debtor name**   True Value Company, L.L.C., et al.                                    Case No. (If known) _____

**(Continuation Sheet)**

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5  Stanley Black & Decker Inc<br>1000 Stanley Dr<br>New Britain, CT 06053 | Stanley Black & Decker Inc<br>Attn: Matthew Reap<br>Tel: 914-447-7479<br>Email: Matthew.Reap@sbdinc.com | Trade Payable | | | | $5,402,095.47 |
| 6  Ryder Integrated Logistics<br>2333 Ponce de Leon Blvd, Ste 700<br>Coral Gables, FL 33134 | Ryder Integrated Logistics<br>Attn: Al Pinto<br>Tel: 630-961-7300<br>Email: pintax@ryder.com | Trade Payable | | | | $5,326,222.90 |
| 7  Reliance Water Heater Co<br>500 Tennessee Waltz Pkwy<br>Ashland City, TN 37015 | Reliance Water Heater Co<br>Attn: Bill Cassidy<br>Tel: 615-972-1930<br>Email: bcassidy@hotwater.com | Trade Payable | | | | $4,358,331.05 |
| 8  Carhartt Inc<br>5750 Mercury Dr<br>Dearborn, MI 48126 | Carhartt Inc<br>Attn: Ken Jenkins<br>Tel: 313-510-9286<br>Email: kjenkins@carhartt.com | Trade Payable | | | | $3,163,883.57 |
| 9  Coleman Cable<br>1530 Shields Dr<br>Waukegan, IL 60085 | Coleman Cable<br>Attn: Anna Martin, Dennis Sullivan<br>Tel: 817-422-7938<br>Email: anna.martin@southwire.com;<br>brad.silverstein@southwire.com | Trade Payable | | | | $3,059,751.21 |
| 10 Legrand Pass & Seymour<br>4515 Enterprise Dr NW<br>Concord, NC 28027-6437 | Legrand Pass & Seymour<br>Attn: Alex Kimball, Joe Elliston<br>Tel: 508-517-2231<br>Email: alexandra.kimball@legrand.com;<br>susan.sterling@legrand.com | Trade Payable | | | | $2,955,956.25 |

**Debtor name**  True Value Company, L.L.C., et al.          **Case No. (If known)** _____

**(Continuation Sheet)**

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 11 Charlotte Pipe<br>2109 Randolph Rd<br>Charlotte, NC 28207 | Charlotte Pipe<br>Attn: Taylor Fraley<br>Tel: 704-348-6435<br>Email: tfraley@charlottepipe.com | Trade Payable | | | | $2,948,723.79 |
| 12 General Electric<br>1 Neumann Way<br>Cincinnati, OH 45215 | General Electric<br>Attn: Mark Miller, Susan Sterling<br>Tel: 312-758-0542<br>Email: mark.miller@savant.com;<br>dennis.sullivan@savant.com | Trade Payable | | | | $2,571,681.78 |
| 13 Minwax Company<br>101 Prospect Ave<br>Cleveland, OH 44115 | Minwax Company<br>Attn: Cecil McCurty<br>Tel: 321-200-7559<br>Email: cmccurty@valspar.com | Trade Payable | | | | $2,545,737.79 |
| 14 Boise Cascade Bldg Mat Dist<br>P. O. Box 50<br>1111 W Jefferson St, Ste 300<br>Boise, ID 83702 | Boise Cascade Bldg Mat Dist<br>Attn: Nathan Sikes<br>Tel: 214-213-0117<br>Email: nathansikes@bc.com | Trade Payable | | | | $2,489,721.05 |
| 15 Apex Tool Group LLC<br>910 Ridgebrook Rd, Ste 200<br>Sparks, MD 21152 | Apex Tool Group LLC<br>Attn: Kim Haste<br>Tel: 224-239-5245<br>Email: Kim.Haste@apextoolgroup.com | Trade Payable | | | | $2,190,782.13 |
| 16 Ufp Retail, LLC<br>2801 East Beltline NE<br>Grand Rapids, MI 49525 | Ufp Retail, LLC<br>Attn: Nick Kelly<br>Tel: 314-220-4028<br>Email: nkelly@ufpi.com | Trade Payable | | | | $2,156,209.75 |

**Debtor name**  True Value Company, L.L.C., et al.                     Case No. (If known) _____

### (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17  Midwest Fastener Corp<br>9031 Shaver Rd<br>Kalamazoo, MI 49024-6164 | Midwest Fastener Corp<br>Attn: Ted Arnold<br>Tel: 800-444-7313 ext 124<br>Email: teda@mwf.net | Trade Payable | | | | $2,137,709.14 |
| 18  Midwest Utility, Inc<br>15 W 700 N Frontage Rd<br>Burr Ridge, IL 60527 | Midwest Utility, Inc<br>Attn: Patrick McGushin<br>Tel: 630-789-2700<br>Fax: 630-789-2754<br>Email: patm@midwestutility.com | Purchase Agreement | | | | $1,920,070.00 |
| 19  Hexaware Technologies Ltd<br>152, Millenium Business Park<br>Sector 3R, TTC Industrial Area<br>Mahape Navi, Mumbai MH 400710<br>India | Hexaware Technologies Ltd<br>Attn: Amit Agrawal<br>Tel: 720-236-2529<br>Email: amita7@hexaware.com | Information Technology Services | | | | $1,888,921.22 |
| 20  Quikrete Companies<br>5 Concourse Pkwy, Ste 1900<br>Atlanta, GA 30328 | Quikrete Companies<br>Attn: Todd Klingel<br>Tel: 614-885-4407<br>Email: Todd.klingel@quikrete.com | Trade Payable | | | | $1,841,167.90 |
| 21  Beacon Roofing Supply<br>505 Huntmar Park Dr, Ste 300<br>Herndon, VA 20170 | Beacon Roofing Supply<br>Attn: Josh Dickman<br>Tel: 502-396-3221<br>Fax: 703-437-1919<br>Email: beaconproplus@becn.com;<br>joshd@thedealerschoice.com | Trade Payable | | | | $1,798,870.11 |
| 22  Berry Plastics Corp<br>101 Oakley St<br>P.O. Box 959<br>Evansville, IN 47710-1237 | Berry Plastics Corp<br>Attn: Jim Flannery, Brad Silverstein<br>Tel: 920-850-5249<br>Email: jimflannery@berryglobal.com;<br>jayhalama@berryglobal.com | Trade Payable | | | | $1,736,422.72 |

**Debtor name**  True Value Company, L.L.C., et al.                    Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 23  Energizer Battery Inc<br>533 Maryville University Dr<br>St. Louis, MO 63141 | Energizer Battery Inc<br>Attn: Marcia McDonald<br>Tel: 314-985-1727<br>Email: marciac.mcdonald@energizer.com | Trade Payable | | | | $1,704,449.61 |
| 24  Inliten LLC<br>2350 Ravine Wy, Unit 300<br>Glenview, IL 60025 | Inliten LLC<br>Attn: Chip Bryant<br>Tel: 901-218-3505<br>Email: chip_bryant@inliten.com | Trade Payable | | | | $1,671,013.38 |
| 25  UPS-United Parcel Service<br>55 Glenlake Pkwy NE<br>Atlanta, GA 30328 | UPS-United Parcel Service<br>Attn: Sandi Doggett<br>Tel: 217-671-4477<br>Email: sdoggett@ups.com | Trade Payable | | | | $1,670,451.24 |
| 26  Thermwell Product Company<br>420 Route 17 S<br>Mahwah, NJ 07430-2135 | Thermwell Product Company<br>Attn: Vincent Giarratana<br>Tel: 201-314-0011<br>Email: vjg@frostking.com | Trade Payable | | | | $1,654,378.19 |
| 27  Advanced Drainage Systems<br>4640 Trueman Blvd<br>Hilliard, OH 43026 | Advanced Drainage Systems<br>Attn: Lee Davison<br>Tel: 972-310-9060<br>Email: lee.davis@adspipe.com | Trade Payable | | | | $1,651,666.81 |
| 28  National Mfg Co<br>151 Old New Brunswick Rd<br>Piscataway, NJ 08854 | National Mfg Co<br>Attn: Jeff Vaccaro, Scott Mackey<br>Tel: 225-603-8546<br>Email: jeff.vaccaro@assaabloy.com;<br>joe.elliston@assaabloy.com | Trade Payable | | | | $1,542,233.92 |

**Debtor name**  True Value Company, L.L.C., et al.          **Case No. (If known)**

**(Continuation Sheet)**

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29  Primesource Building<br>1321 Greenway Dr<br>Irving, TX 75038-2504 | Primesource Building<br>Attn: Elliott Tostrud<br>Tel: 817-913-5542<br>Email: tostrude@primesourcebp.com;<br>MackeyS@primesourcebp.com | Trade Payable | | | | $1,536,206.38 |
| 30  Pension Benefit Guaranty Corp<br>Office of the General Counsel<br>445 12th St SW<br>Washington, DC 20024-2101 | Pension Benefit Guaranty Corp<br>Attn: Morris Karen<br>Tel: 202-326-4020<br>Email: Morris.karen@pbgc.gov | Pension Benefits | Contingent, Unliquidated & Disputed | | | Undetermined |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | True Value Retail, L.L.C. |
| United States Bankruptcy Court for the: | District of Delaware (State) |
| Case number (If known): | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ *Amended Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ *Other document that requires a declaration*   Consolidated Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   10/14/2024
                      MM/DD/YYYY

**x** */s/ William McGann*
Signature of individual signing on behalf of debtor

William McGann
Printed Name
Vice President
Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**